# In the United States Court of Federal Claims

No. 23-961
Filed: July 18, 2023

|  |
|---|
| **JAMIE BURKE,**<br><br>             *Plaintiff,*<br><br>v.<br><br>**THE UNITED STATES,**<br><br>             *Defendant.* |

## ORDER DISMISSING COMPLAINT

      To proceed in this Court, a plaintiff must either pay $402.00 in fees or request authorization to proceed without prepayment of fees by applying to proceed *in forma pauperis* ("IFP application"). *See* 28 U.S.C. §§ 1914, 1915. Pro se plaintiff Jamie Burke ("Ms. Burke") failed to do either, (*see* Compl., ECF No. 1), despite an Order on June 28, 2023, directing Ms. Burke to either submit a completed IFP application or pay the filling fee in full by July 12, 2023. (ECF No. 6). Therefore, the Court hereby **DISMISSES** her Complaint pursuant to RCFC 41(b).

      Even if Ms. Burke paid the requisite fees or was granted *in forma pauperis* status, the Court would dismiss her Complaint for lack of subject-matter jurisdiction. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Tucker Act provides this Court with jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). Despite the Court interpreting pro se pleadings more liberally than it would interpret those prepared by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), such liberality cannot be extended to relieve pro se plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

      Ms. Burke asserts claims against a litany of parties other than the United States. (Compl. at 1; Compl. Ex. 1 at 1–10, ECF No. 1-1). [1] For example, she alleges that the Idaho Governor Brad Little conspired to use law enforcement to profile and kill Ms. Burke and her husband. (Compl. Ex. 1 at 1). Ms. Burke also claims former President Donald Trump conspired with others to have her "thrown out on the streets homeless" and lied to her family. (*Id.* at 7). It is

---

[1] Ms. Burke's handwritten allegations found at Compl. Ex. 1 at 2–10 are identical to those in *Burke v. United States*, Case No. 23-972.

well-established that this Court can only hear claims against the United States, not government officials. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Brown v. United States*, 105 F.2d 621, 624 (Fed. Cir. 1998) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual [] officials."). Even when read liberally, Ms. Burke fails to establish the Court's subject-matter jurisdiction over these claims.

Further, Ms. Burke cites a string of criminal statutes—18 U.S.C. §§ 210, 241–42, 402, 2302—in her Complaint. (Compl. at 1). However, this Court lacks jurisdiction to hear criminal matters. *See Drake v. United States*, 792 F.App'x 916, 920, n.4 (Fed. Cir. 2019) (affirming that the Court lacks jurisdiction to review criminal convictions). To satisfy the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Brooks v. United States*, 825 F. App'x 745, 748 (Fed. Cir. 2020) (internal quotations omitted). The criminal statues listed by Ms. Burke are not money-mandating. 18 U.S.C. §§ 210, 241–42, 402, 2302. Accordingly, the Court lacks subject-matter jurisdiction.[2]

Pursuant to RCFC 41(b), Ms. Burke's Complaint is **DISMISSED** for failure to either remit the appropriate filing fee or comply with IFP filing requirements. Further, the Court notes that it lacks subject-matter jurisdiction over Ms. Burke's claims. The Clerk **SHALL** enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith because Ms. Burke's claims are outside the jurisdiction of this Court and are frivolous.

Further, Ms. Burke is immediately **ENJOINED** from filing new complaints pro se in this Court without first obtaining leave to file from the Chief Judge due to the multitude of cases she filed, near simultaneously, with the Court. If she seeks to file a new Complaint in this Court, Ms. Burke shall submit a Motion for Leave to File that explains why the new Complaint is timely, properly before this Court, and unrelated to any prior litigation previously pursued. Any motion for leave to file a new Complaint must also include as an attachment a full Complaint that satisfies the requirements of RCFC 8. In the event the Court grants a motion for leave to file a new Complaint, Ms. Burke will be required to pay the Court's full filing fee to proceed. Alternatively, Ms. Burke may file a new Complaint if the Complaint is signed and filed by an attorney who is duly licensed and authorized to practice law under the laws of at least one state

---

[2] Ms. Burke's Complaint also does not seek any relief, but rather thanks the Court for "taking the time to hear [her] out." (Compl. Ex. 1 at 3, 10). Article III of the Constitution restricts the jurisdiction of federal courts to cases and controversies. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). It is well-established that a case or controversy requires the parties to seek some form of relief. *See United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (to satisfy case or controversy requirement "the party seeking relief must have suffered, or be threatened with, an actual injury traceable to the defendant and *likely to be redressed by a favorable judicial decision*." (Emphasis added)). Therefore, the Court cannot provide any redress because Ms. Burke does not seek relief.

or territory of the United States or the District of Columbia and is a member in good standing of the Bar of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

_David A. Tapp_
DAVID A. TAPP, Judge